(Decided 26th March, 1878.)

The Citizens' Security and Land Company of Baltimore City *vs.* Erasmus R. Uhler.

*Mortgage to a Corporation by a Shareholder to secure a loan— Usury—When the defence of Usury need not be raised by Special plea—When Usurious interest should be disallowed by the Court in the absence of a Special plea of Usury—Usurious contract not protected by the Act of 1872, ch. 178—Act of 1872, ch. 178, unconstitutional—Section 57, of Article 3, of the Constitution of the State.*

Where a shareholder in a corporation executes a mortgage to such corporation, to secure a loan on which he agrees to pay interest at the legal rate weekly, during the continuance of the mortgage; and also a premium of twenty-

five cents weekly on each of his shares of stock, making in all nine and a half per cent. interest on the money loaned, such charge is usurious.

In such case, where property is sold for the payment of the mortgage debt, and the proceeds are in Court for distribution, the defence of usury need not be raised by a special plea.

It was the duty of the Court, the proceedings showing that the objection to the claim of the mortgagee was on the ground of usurious interest, to disallow it, although a special plea of usury was not filed.

The Act of 1872, ch. 178, does not protect such contract from the charge of usury, for the Legislature has no power by a special law to authorize a certain class of corporations to loan money at a higher rate of interest than is allowed by the Constitution and the general law of the State. Such Act is in conflict with section 57, of Article 3, of the Constitution of the State.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from an order of the Court below, ratifying an auditor's account. The case is stated in the opinion of the Court.

The cause was argued before BOWIE, STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*Samuel Snowden,* for the sppellant.

*John M. Carter,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee borrowed of the appellant six thousand and eight hundred dollars, for ten years, and to secure the payment of this sum he executed two mortgages, by which he agreed to pay interest on said loan weekly during the continuance of the mortgages; and also a premium of twenty-five cents weekly on each of seventeen shares of stock, making *nine and a half* per cent. interest, and in addition to this interest, he agreed also to pay such fines and penalties as might be imposed upon him by the by-laws of the company.

The payments being in arrears, the mortgaged premises were sold on an *ex parte* proceeding in pursuance of sec. 782, of Art. 4, of the Code of Public Local Laws.

After the ratification of the sale, the appellee filed a petition disputing the amount claimed to be due by the appellant on the two mortgages, and prayed that the matter might be referred to the auditor with power to take testimony, in order that the precise sum due might be ascertained.

The case was referred, and proof was taken, and four accounts, " B," " C," " D," and " E," were stated by the auditor.

Account " B," was stated according to the terms prescribed by the mortgages, and according to the views of the appellant.

Account " C," was stated in accordance with the decision in the case of the *Baltimore Permanent Building and Land Society vs. Taylor,* 41 *Md.,* 409, in which the appellant was allowed the legal rate of six per cent. on account of the money loaned to the appellee, and this account the auditor states, shows, according to his opinion, the correct amount to which the appellant is entitled.

To account " C " the appellant excepted on the ground, among others, that the auditor had not allowed interest according to the terms of the mortgages

Exceptions were also filed by the appellee to accounts "B," " D " and " E," for the reasons stated in the auditor's report, and for other reasons to be shown at the hearing, and prayed the Court to ratify account " C."

The Court rejected accounts " B," " D " and " E," on the ground of usurious interest allowed the appellant, and being of opinion that the transaction was a mere loan of money, to secure the payment of which the two mortgages were executed, ratified account " C," in which the appellant was allowed interest at the rate of six per cent.

It is now contended, that the question of *usury* was not raised by a *special plea*, nor was it relied on as a defence to the appellant's claim, and that the Court therefore erred in ratifying account " C."

It is true, a special plea of usury was not filed, but all the proceedings below ; the proof before the auditor ; the several accounts filed by him, and the exceptions thereto, and the opinion of the Court show conclusively, that the only question in dispute between these parties, was whether the mortgages were to be considered within the protection of the rule laid down in *Robertson's Case,* 10 *Md.,* 397, and not liable therefore to objection on the ground of usury ; or whether according to the decision in *Taylor's Case,* 41 *Md.,* 409, they were usurious, and to be treated as mere securities for the payment of money borrowed

The mortgagee, now appellant, was not claiming the benefit of a statutory provision in regard to usury, and a special plea was not therefore necessary to raise the question. The fund was in a Court of equity for distribution, and the law not only declares that six per cent. shall be the legal interest, but makes it unlawful to charge a higher rate, and if the proceedings show that the objection to the claim of the appellant was on the ground of usurious interest, it was the duty of the Court to disallow it, although a special plea of usury was not filed.

But it is contended, that the second mortgage is not liable to this objection, because it was executed subsequent to, and in strict conformity with the provisions of, the Act of 1872, ch. 178.

In *Robertson's Case,* 10 *Md.,* 397, *Building Associations* incorporated under the Act of 1852, chapter 148, were held to be in the nature of joint stock companies in which the members were entitled to a community of interest, and the borrower being entitled to a proportion of the profits earned by the corporation, mortgages executed in con-

formity with the provisions of that Act, were not liable to objection on the ground of usury.

In *Williar vs. Balto. Butchers' Loan and Annuity Association*, these provisions were held however not to apply to corporations like the appellant, because although the mortgagor becomes in a *certain sense a shareholder*, that is, he subscribes for a certain number of shares, yet immediately on borrowing the money, he executes a mortgage *releasing or transferring to the company his shares of stock*, and thereby ceases to have any interest in the profits earned by the corporation. Such a transaction is but a mere device to avoid the law of usury.

Now in order to make that lawful which before was unlawful, and to authorize the appellant to loan money at a higher rate of interest than six per cent., reliance is had upon the Act of 1872, chap. 178, which provides, that the law in regard to Building Associations shall apply to corporations like the appellant for the loan of money. In other words, the Legislature undertakes by a special law to authorize a certain class of corporations to loan money at a higher rate of interest than is allowed by the Constitution and general law of the State.

The Constitution provides that " the legal rate of interest shall be *six per cent. per annum;* unless otherwise provided for by the General Assembly." *Art. 3, sec. 57, Consitution of Maryland.*

That the Legislature has the power to prescribe a rate of interest for all persons and all corporations either above or below six per cent. is not questioned. That is to pass a general law on the subject, but it has no power to authorize one person to charge six per cent. and another ten per cent. and another twenty-five per cent. The pernicious effects of such special class legislation are so obvious, that in the absence of plain language, showing such to be the intention, we are not to presume that either the framers of the Constitution, or the people who adopted it

meant to confer a power so extraordinary on the Legislature.

The order of the Court below will therefore be affirmed.

*Order affirmed.*

(Decided 27th March, 1878.)

ALVEY, J. filed the following dissenting opinion, in which Judge STEWART concurred :

I do not assent to the opinion of the majority of the Court in this case.

I do not agree that the Legislature transcended its constitutional powers in passing the Act of 1872, ch. 178, and that that Act is consequently void. The Constitution does not declare that the Legislature shall only provide the rate of interest by a general law applicable to all contracts and to all parties, without exception, but it has plenary and unrestricted power over the subject. "The legal rate of interest shall be six per cent. per annum, *unless otherwise provided by the General Assembly.*" This provision of the Constitution has been uniformly interpreted by the Legislature as conferring power, or as not in any manner restricting it in the exercise of the power, to provide for the rate of interest that it may be lawful for parties to contract to pay in a particular class of contracts. And. hence we find on the Statute book several Acts authorizing corporations, engaged in public enterprises, to issue bonds to bear interest at a greater rate than six per cent. ; and I am far from being convinced that the Legislature acted without warrant or authority in passing those Acts.

I am authorized by Judge STEWART to say that he agrees with me in the foregoing opinion.